[No. 7407. Decided September 12, 1908.]

FRANCIS H. COOK et al., *Respondents*, v. H. D. SKINNER, *Appellant.*[1]

DEEDS—VALIDITY—PRINCIPAL AND AGENT—LIABILITY OF AGENT TO THIRD PERSON—FRAUD—MISREPRESENTATIONS. A complaint by mortgagors, who had deeded certain mortgaged premises to the mortgagee, states a cause of action for fraud in securing a conveyance of five acres of land not covered by the mortgage, where it appears that the defendant was the agent of the mortgagee, a nonresident, duly authorized to accept from the plaintiffs a deed of the mortgaged property in satisfaction of the debt, and that defendant, as such agent, without the knowledge of his principal, secured a deed from the plaintiffs to the five-acre tract, for his own use and benefit, by falsely representing that the mortgagee would not discharge the debt without such additional conveyance, and that, relying thereon, the

[1]Reported in 97 Pac. 234.

plaintiffs made the deed to defendant's married daughter (who after-
wards deeded to defendant) upon defendant's false representations
that such third person, unknown to plaintiffs, was the person to
whom the mortgagee desired conveyance made.

Appeal from a judgment of the superior court for Spokane
county, Poindexter, J., entered November 27, 1907, upon the
verdict of a jury rendered in favor of the plaintiff, in an ac-
tion of ejectment. Affirmed.

*A. E. Barnes*, for appellant.

*Belt & Powell* and *Graves, Kizer & Graves*, for respondents.

MOUNT, J.—The plaintiffs brought this action to recover
about five acres of land from the defendant, on the alleged
ground of fraud practiced by the defendant in acquiring title
thereto from the plaintiffs. The cause was tried to a jury.
Verdict was returned in favor of the plaintiffs. The defend-
ant appeals.

The errors assigned all depend upon the sufficiency of the
complaint. The facts alleged are in substance these: The
respondents owned certain real estate upon which they had
given two mortgages to secure an indebtedness amounting to
about $3,400. A nonresident partnership, known as Pierce,
Wright & Co., was the mortgagee. The appellant was the
local agent for this partnership. The mortgages were after-
wards assigned to Simeon Jones, also a nonresident. When
the indebtedness became due, respondents were unable to pay
the same; and proposed to appellant to convey the mort-
gaged premises to the mortgagee in satisfaction of the debt.
Appellant communicated with the mortgagee and obtained
authority to take the property in satisfaction of the debt.
Appellant then, with intent to cheat and defraud the respond-
ents, falsely informed them that the mortgagee would not
accept the mortgaged premises in payment of the mortgage
debt unless respondents would, in addition to the mortgaged
premises, convey to the mortgagee the five-acre tract of land

in question, which was not covered by the mortgages. Respondents, believing and relying upon the appellant's representations that he could not secure a satisfaction of the debt by a conveyance of the mortgaged property to the mortgagee unless the five-acre tract was included in the conveyance, and being threatened by the appellant with foreclosure and a deficiency judgment if the demand were not complied with, acceded to the appellant's demand, and at his instance and request, conveyed the mortgaged premises to Simeon Jones, to whom appellant stated the mortgages had been assigned, and also conveyed the five-acre tract to one M. B. Berry, to whom appellant stated the mortgagee had requested that it should be conveyed. Appellant's statement that the mortgagee would not accept the mortgaged premises in payment of the mortgage debt was false, and made for the purpose of cheating and defrauding the respondents out of the five acres in controversy and to secure the title thereto for himself. The mortgagee knew nothing of the conveyance of the land to M. B. Berry, and reaped no benefit therefrom. M. B. Berry was appellant's married daughter, and unknown to the respondents at the time; and the conveyance of the five-acre tract was made to her, not at the instance or request of the mortgagee or for his benefit, but at appellant's instance and for his sole benefit and use as a part of his scheme for acquiring title to the land and to conceal his fraud and deception. Afterwards M. B. Berry conveyed the land to appellant.

We think this complaint states a cause of action in favor of the respondents. It is conceded that these facts would state a cause of action against the appellant in favor of Simeon Jones, the assignee of the mortgagee, for the reason that the appellant was an agent of Simeon Jones, and "that the agent will not be allowed to make a profit out of the agency or deal in the business thereof for his own profit, but must give the principal the benefit of any advantage he may obtain." But it is claimed by appellant that the respondents

and appellant were dealing at arm's length. It is probable that the appellant was not acting as agent of the respondents when he assumed to obtain the terms upon which he could be authorized to deal with the respondents, and it is also probable that he was not bound to state the terms upon which he was authorized to act; but when he undertook to state these terms to the respondents, he should have stated them truthfully. When he misstated his authority, he was guilty of fraud, because respondents had no means of knowing the truth and were required to rely upon his statements. The fact that his misrepresentations were relied upon by the respondents, and were unknown to the mortgagee, does not aid the appellant's title, which was acquired by fraud perpetrated against both his principal and the respondents. If the mortgagee had authorized appellant to obtain all he could get in satisfaction of the mortgage debt, then the respondents, after having conveyed the land which they did convey, would have had no complaint where the mortgagee was fully informed. But if, as alleged in the complaint, the mortgagee authorized the appellant to accept the mortgaged premises in satisfaction of the debt, that was the extent of appellant's authority, and as agent he was not authorized to misstate his authority and take the five-acre tract in question in his own right and hold it as against the respondents. In other words, he was not authorized to commit a fraud upon the respondents simply because it was within his power to do so.

There is some contention that the evidence is not sufficient to sustain the complaint. We think it is sufficient for that purpose. The question of the statute of limitations was for the jury under the facts. It is not claimed that the case was not fairly or properly tried to the jury. We find no error in the record, and the judgment must therefore be affirmed.

HADLEY, C. J., ROOT, and CROW, JJ., concur.

RUDKIN and FULLERTON, JJ., took no part.